DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (motion), filed February 6, 2008, requesting that the Complaint be dismissed because the case is one which may be appealed to the board of property tax appeals (Board), Plaintiff failed to allege facts showing that it first filed with the Board, and Plaintiff did not allege facts showing good and sufficient cause for the failure to do so. That motion was heard by the court March 3, 2008. Hamid Azari (Azari), owner of the business with a duly executed power of attorney, appeared on behalf of Plaintiff. Defendant was represented by Richard Teague, appraisal supervisor, Multnomah County Assessor.
 I. STATEMENT OF FACTS
The appeal involves the value of certain taxable personal property identified for the 2006-07 tax year as Account P582154. The property is used in connection with the operation of a dental office in Portland. Azari and his wife opened the dental office, known as Dentspa, sometime in 2005. The couple operates another dental office in Washington County that they opened in 2001. A considerable amount of dental equipment, furniture, and fixtures were purchased for the new office (Dentspa) in Multnomah County. Azari sent the relevant cost information to his accountant, Nathan Wheeler (Wheeler), so that Wheeler could complete and *Page 2 
file the statutorily required personal property return (return) reporting the value of that property, per ORS 308.290.[1] Wheeler assured Azari that he would file that return which was due by March 1, 2006. Id. Unbeknownst to Azari, that return was never filed.
Defendant became aware of the business and sent an appraiser to Dentspa in April 2006, and again in October, with a blank return for Plaintiff to complete and submit to the assessor's office. Because no return was ever filed, Defendant determined the value with the limited information it had available without the return. Defendant determined that the real market value (RMV) for the subject property for the 2006-07 tax year was $451,950, and mailed Plaintiff a tax statement in October 2006 reflecting that amount, along with the corresponding assessed value (AV) and taxes.
When Azari received that statement, he believed the value to be excessive, and, after attempting to resolve the matter through his accountant Wheeler and the assessor's office, Plaintiff ultimately appealed to this court seeking a reduction in the value of the property.
 II. ANALYSIS
The procedure for challenging property values in Oregon is set out in the Oregon Revised Statutes chapter 309, and begins with a petition to the Board after the taxpayer receives a tax statement for the current year. Statute requires that the county mail tax statements by October 25, and before December 31 of that year. ORS 311.250 (providing the deadline for mailing tax statements), ORS 309.026 (providing generally for value appeals to the Board), and 309.100(2) (providing for the December 31 Board appeal deadline). The deadline in this case was December 31, 2006. Plaintiff did not petition the Board, but instead appealed directly to the Tax Court in December 2007, nearly one year after the statutory deadline. Defendant moved for dismissal. *Page 3 
Under ORS 305.288(3) the court may consider an appeal and ultimately order a reduction in value if the taxpayer has a satisfactory reason for failing to follow the statutory process. The taxpayer must establish that:
 "for the year to which the change or correction is applicable the * * * taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." Id.
The term "good and sufficient cause" is defined in the statute as "an extraordinary circumstance that is beyond the control of the taxpayer,or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal." ORS 305.288(5)(b) (emphasis added).
Azari testified that he was unaware that the value could be appealed to the Board, but that he took prompt action to challenge the value after he received the tax statement. Azari testified that he immediately contacted his accountant Wheeler and asked him if he knew why the values were so high, and that Wheeler assured him that he would contact the county and take care of the matter. Wheeler neglected to mention that he had not filed Plaintiff's personal property return earlier that year, a fact that likely led to the overvaluation.[2] To make matters worse, Wheeler was going through a divorce and neglected his professional duties, including pursuing Plaintiff's overvaluation.
Plaintiff ultimately received a notice of garnishment in the spring of 2007, after having received two warrant notices. Azari panicked when he learned of the garnishment, and tried with *Page 4 
Wheeler's assistance, to resolve the matter with the county, to no avail. At that point, the time for petitioning the Board had long passed.
In LB5, Inc. v. Multnomah County Assessor, TC-MD No 030047A (June 25, 2003), the taxpayer's bookkeeper performed inadequately and, as a result, the taxpayer's personal property taxes were paid late and penalties were assessed. Id. The taxpayer had no intentions of avoiding the payment of tax and paid the full amount assessed as soon as it became aware of the requirement. However, the court found that "no extraordinary circumstances prevented the bookkeeper from performing" and further, that the taxpayer had chosen whom to hire to keep its books and when to replace him. Id. at 2, 3. Here, Plaintiff chose to refer the matter to his accountant, and presented no evidence of extraordinary circumstances beyond Wheeler's control that prevented him from pursuing the overvaluation by contacting the assessor's office and, if necessary, petitioning the Board.
It is not clear whether Wheeler knew the law but failed to act, or was simply unknowledgeable about the appeal provisions. Azari testified that he was unaware of that process, in spite of the fact that he owns at least one other dental office and has received property tax statements for years, statements that include an explanation of appeal rights. In any event, Plaintiff has not established that the reason for the lack of a timely petition to the Board was because of circumstances both extraordinary and beyond the control of Plaintiff or its accountant, Wheeler. Rather, it appears that the failure to act was due to "inadvertence, oversight, [or] lack of knowledge * * *," which are circumstances specifically excluded from the definition of good and sufficient cause under ORS 305.288(5)(b)(B). *Page 5 
 III. CONCLUSION
The court concludes that Plaintiff's value appeal to this court for the 2006-07 tax year, filed in December 2007, was not filed in the manner prescribed by statute, and that Plaintiff has not demonstrated "good and sufficient cause" for failing to properly and timely pursue its right of appeal. Accordingly, Defendant's request for dismissal must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted.
Dated this ______ day of March 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on March 21, 2008.The Court filed and entered this document on March 21, 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] Azari eventually went to the assessor's office in November 2007. After some discussion, and review of Azari's cost information, Teague testified that the 2007-08 RMV was reduced to $247,310, a figure nearly half the 2006 RMV of roughly $452,000. *Page 1